# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| 5 STAR VAPE, LLC, </br>     Plaintiff, </br> </br> v. </br> </br> HAMMAD AHMAD and HS </br> WHOLESALE LIMITED, </br>     Defendants. | CAUSE NO.: 2:19-CV-151-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendants [sic] Motion to Stay or, Alternatively, for an Extension of Time to Respond to Complaint [DE 3], filed April 30, 2019, and Plaintiff's Motion in Objection to Removal, or in the Alternative, Motion for Relief to Complete Additional Limited Discovery [DE 8], filed May 8, 2019. Plaintiff 5 Star Vape seeks to have this case remanded to state court, and Defendants seek to stay or extend the deadline for them to answer the Complaint until the issue is resolved. Defendants filed a response to the motion objecting to removal on May 22, 2019, and Plaintiff filed a reply on May 29, 2019.

### I.     Background

On February 7, 2019, Plaintiff 5 Star Vape filed a complaint in state court against HS Wholesale Limited and Hammad Ahmad, the president of HS Wholesale. Plaintiff sent the complaint by certified mail to the addresses for both defendants listed on the Illinois Secretary of State's website. The mailings were received and signed for at both locations. Neither Defendant answered the complaint, and the state court entered default judgment on March 20, 2019. On April 8 and April 22, 2019, Defendants filed motions to quash service in state court, arguing that they were not served at the correct addresses and did not receive the complaint until March 25, 2019. Defendants then removed the case to this Court on April 24, 2019. Plaintiff objects to removal as untimely, arguing

that Defendants failed to file their notice of removal within 30 days of being served. Defendants seek to stay or extend the deadline for them to respond to the complaint until the issue is resolved.

**II.    Analysis**

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). In Indiana[1], service on a corporation can be accomplished by service on the individual who is its registered agent. Ind. R. Trial Pro. 4.6(A). Service on an individual can be made by "sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." Ind. R. Trial Pro. 4.1(A)(1). Service will not be deemed invalid if it is "reasonably calculated to inform the person to be served that an action has been instituted against him." Ind. R. Trial Pro. 4.15(F).

Plaintiff argues that removal is improper because Defendants were both served more than 30 days before they filed the notice of removal. When there are multiple defendants, each defendant has 30 days from the day it was served to file a notice of removal. *See Save-A-Life Found., Inc. v. Heimlich*, 601 F. Supp. 2d 1005, 1009-1010 (N.D. Ill. 2009) (holding that "each defendant in a case is entitled to remove an action from state to federal court, regardless of whether earlier-served defendants declined to do so, so long as all defendants consent to removal"); *see also Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *5 (N.D. Ill. Oct. 4, 2017) (explaining that one defendant's failure to file a timely notice of removal does not prevent removal by later-served defendants). Therefore, removal is proper if either defendant was not properly served by March 25, 2019, 30 days before the notice of removal was

---

[1] To evaluate whether service was accomplished prior to removal, "a federal court must apply the law of the state under which the service was made." *Allen v. Ferguson*, 791 F.2d 611, 616 n. 8 (7th Cir. 1986) (citation omitted).

filed.

Plaintiff's briefing does not establish that Ahmad was properly served according to the Indiana trial rules. Defendants state, and Plaintiff does not dispute, that although Ahmad's former residence was listed on the Secretary of State's website, Ahmad no longer lived at that address at the time of attempted service. Therefore, Plaintiff did not send the complaint "to [Ahmad's] residence." Ind. R. Trial Pro. 4.1(A)(1). Likewise, because Plaintiff had the wrong address for HS Wholesale, Plaintiff did not send it to Ahmad's "place of business or employment." *Id*.

Because Plaintiff's attempted service did not comply with the trial rules, it is only valid if Plaintiff's efforts were "reasonably calculated to inform" Ahmad of the lawsuit. Ind. R. Trial Pro. 4.15(F). However, this rule only cures "technical defects" in service of process. *LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind. 1993); *see also Robinson v. Turner*, 886 F. Supp. 1451, 1458 (S.D. Ind. 1995) (failure to serve individual defendants at their place of employment "constituted a complete failure of service of process rather than a technical failure of service of process" which "cannot be cured by" Rule 4.15(F)) (citation omitted); *Kelly v. Bennett*, 732 N.E.2d 859, 862 (Ind. Ct. App. 2000) ("Because the Merrillville address was not Kelly's dwelling house or usual place of abode, the copy service attempted by the Bennetts did not comply with Trial Rule 4.1. As such, service of process on Kelly was also insufficient within the meaning of Trial Rule 4.15(F).") (citation omitted).

Plaintiff relies on *Storm Damage Specialists of America v. Johnson*, 984 N.E.2d 660 (Ind. Ct. App. 2013), for the premise that certified mail to an address listed with the Secretary of State is sufficient to establish service for both Defendants. But that case concerned service on a corporation, not an individual defendant. 984 N.E.2d at 666 ("[T]here is no requirement under the trial rules that the Johnsons are required to serve a *business* at an address other than the one registered with the

3

Secretary of State. Accordingly, we believe that service upon the [listed address] was proper under the trial rules.") (emphasis added). Indiana courts have held that when serving an individual, the plaintiff cannot necessarily rely on an old address. *See*, *e.g.*, *Troxel v. Ward*, 111 N.E.3d 1029, 1033 (Ind. Ct. App. 2018) ("Even if we assume that Troxel had previously lived at 106 E. Montgomery Street, it was not his dwelling house or usual place of abode when service was attempted there on December 29, 2014. Accordingly, Troxel was not properly served."); *Hill v. Ramey*, 744 N.E.2d 509, 512 (Ind. Ct. App. 2001) (finding that service on a last-known address was insufficient); *Poteet v. Bethke*, 507 N.E.2d 652, 654 (Ind. Ct. App. 1987) (finding that service was not achieved by mailing to an address the defendant had left ten months before); *Chesser v. Chesser*, 343 N.E.2d 810, 812 (Ind. Ct. App. 1976) (finding service insufficient where "[t]he paper was left at the house occupied by the parties during the marriage. [The defendant] had moved out three days before."). The Court finds that while service was sufficient as to HS Wholesale, it was not sufficient as to Ahmad.

As alternative relief to remanding the case, Plaintiff seeks to conduct limited discovery based on its allegation that the mailing to HS Wholesale's old address was forwarded to an address in Addison, Illinois, where HS Wholesale is now located. Although the 30 days to file a notice of removal begins upon receipt of the complaint "through service or otherwise," 28 U.S.C. § 1446(b)(1), there still must be proper service before the 30-day period begins. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (holding that the "service or otherwise" language "was not intended to bypass service as a starter for § 1446(b)'s clock"). Because mere receipt of the summons and complaint does not establish service, the requested discovery would be moot. *See Hill*, 744 N.E.2d at 512 ("Even if Hill eventually received the summons and motion for protective order the Sheriff mailed to him at the [old] address, such receipt does not, without more,

4

guarantee sufficient service").

Because service on Ahmad was not completed by March 25, 2019, the 30-day time limit for removal had not expired when the notice of removal was filed on April 24, 2019. Accordingly, the removal is proper.

### III. Conclusion

For the reasons described above, the Court **DENIES** Plaintiff's Motion in Objection to Removal, or in the Alternative, Motion for Relief to Complete Additional Limited Discovery [DE 8]. The Court **GRANTS, for relief different than requested,** Defendants [sic] Motion to Stay or, Alternatively, for an Extension of Time to Respond to Complaint [DE 3], and **ORDERS** Defendants to file a response to the Complaint by **November 1, 2019**.

SO ORDERED this 3rd day of October, 2019.

                                                          s/ John E. Martin
                                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                                          UNITED STATES DISTRICT COURT

cc:      All counsel of record